IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATALYST SALES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| LG. PHILIPS LCD AMERICA, INC., ) | |
| now known as LG DISPLAY ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Catalyst Sales, Inc., by and through its attorneys, complains against Defendant LG. Philips LCD America, Inc. (now known as LG Display America, Inc.), as follows:

## PARTIES

1. Plaintiff, Catalyst Sales, Inc. (referred to herein either as "Catalyst" or as "Plaintiff"), is a Pennsylvania corporation with its principal offices located in Gibsonia, Pennsylvania. Since 1987, Catalyst has been in the business of providing services as an independent sales representative for and on behalf of companies that manufacture, produce, import or distribute various goods and equipment for sale in Pennsylvania and elsewhere.

2. Defendant, LG. Philips LCD America, Inc. ("LG" or "Defendant"), on information and belief, is a California corporation, with its principal offices located in San Jose, California (and is now known as LG Display America, Inc.). Among other things, it is in the business of manufacturing, selling and distributing certain liquid crystal display ("LCD") products (the "Products") for sale to customers in Pennsylvania and throughout the United States.

## JURISDICTION AND VENUE

3. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000, and the parties are citizens of different states. Accordingly, this Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (c) as a substantial portion of the events or omissions giving rise to the action occurred in this district, and Defendant is a corporation subject to personal jurisdiction in this district.

## BACKGROUND FACTS

5. On or about April 1, 2002, Catalyst and LG entered into an LCD Sales Representative Agreement, under which LG appointed Catalyst to serve as its independent sales representative for the sale of Products in an assigned territory that included portions of Pennsylvania and other states. That agreement was the first of five successive written contracts, each of which by its terms expired on December 31 of the year in which it was executed, with the fifth and final written contract between the parties entered into in June, 2006, expiring on December 31, 2006. A copy of said final agreement is attached hereto and made part hereof as Exhibit 1, for specimen purposes only.

6. As an independent sales representative for LG, Catalyst used its professional expertise, experience and resources in developing the market for the Products in its assigned exclusive territory and in procuring sales and orders for sales of Products to customers in its assigned territory. In exchange for providing such services, LG agreed to pay sales commissions to Catalyst, in an amount equal to a percentage of sales made to customers in Catalyst's assigned territory.

7.  On December 31, 2006, the fifth contract between the parties expired by its terms. Thereafter, as it had done previously, LG repeatedly represented to Catalyst that another contract was in the process of being prepared and would be delivered shortly to Catalyst. Further, after December 31, 2006, LG repeatedly requested that Catalyst continue to provide its professional services to and for the benefit of LG, pending the issuance of a new contract between them.

8.  The same situation had occurred in early 2006, when LG had requested that Catalyst continue to serve as its independent sales representative following expiration of their 2005 written agreement on December 31, 2005. In that instance, even though the subsequent written agreement between the parties was not entered into until June, 2006, in the interim, Catalyst continued to serve as an independent sales representative for and at the request of LG.

9.  Consistent with the parties' prior practice, as well as in reliance upon LG's repeated representations that Catalyst was still serving as its independent sales representative and that a new contract was shortly forthcoming, Catalyst continued to provide its professional services to and for the benefit of LG, even though no written contract was then in effect, in expectation that it would be compensated for such services..

10.  Through and including the period of January 1 – April 4, 2007, LG continued to treat Catalyst as one of its independent sales representatives. During that period of time, at the request of LG, Catalyst:

    (i)  attended and participated in an annual sales meeting held between LG and its independent sales representatives at the Consumer Electronics Show in Las Vegas in January, 2007;

    (ii) had numerous communications and meetings with LG regarding business and prospective business in Catalyst's assigned territory;

  (iii) submitted written reports as required by LG of its independent sales representatives, regarding Catalyst's ongoing efforts to generate business opportunities in its assigned territory;

  (iv) actively worked for and procured a significant amount of new business for the benefit of LG from customers in its territory; and

  (v) otherwise continued to provide its professional services as the independent sales representative to and for the benefit of LG.

11. Throughout the period of January 1 – April 4, 2007, LG continued to represent to Catalyst that a new contract was forthcoming, including in an e-mail from LG's Director of Application Sales, Chan Jung, sent to Catalyst and other LG independent sales representatives on March 21, 2007. This e-mail stated that "I will release a new contract soon . . . maybe next week . . . (I'm too lazy and busy . . . APOLOGIZE for delaying!!) so pls do not worry at all."

## COUNT I

### Promissory Estoppel

12. Catalyst restates and incorporates by reference ¶¶ 1-11 of this Complaint as and for ¶ 12 as though fully set forth herein.

13. Based upon Defendant's conduct and representations, Catalyst continued to provide its professional services to and for the benefit of LG during the period of January 1, – April 4, 2007. Catalyst would not have done so, but for its reliance upon LG's representations and conduct as set forth above.

14. As a direct result and consequence of Catalyst continuing to provide its professional services as an independent sales representative to and for the benefit of LG during the period of January 1 – April 4, 2007, Catalyst was able to procure sales of the Products,

including, but not limited to procuring Healthcare Information, Inc. ("HCI") as a new customer for LG, a relationship which resulted in significant business for LG.

15. Notwithstanding its prior repeated assurances and representations to Catalyst, LG, never provided Catalyst with a new Contract. Instead, by means of a letter dated April 4, 2007 from Chan Jung, LG advised Catalyst that the parties' business relationship had expired on December 31, 2006 upon the expiration of the LCD Sales Representative Agreement dated as of June 1, 2006. In that letter, a copy of which is attached hereto and made part hereof as Exhibit 2, Jung, on behalf of LG, stated, in pertinent part

> The [June, 2006] Agreement has not been renewed, and no further action is required to give effect to its expiration. This is to inform you that we have decided not to renew the Agreement.

Nowhere in his letter did Jung recognize or even comment upon the valuable services that had been rendered by Catalyst to and for the benefit of LG following December 31, 2006.

16. LG knew or should reasonably have known and expected that Catalyst would rely, and was relying, upon its repeated promises, assurances and representations that the parties' pre-existing relationship would continue through the issuance of a new Sales Representative Agreement. Catalyst's reliance upon LG's representations and conduct was both reasonable and foreseeable.

17. LG knew or should reasonably have known that Catalyst expected to be compensated for the services it rendered to and for the benefit of LG during the period of January 1 – April 4, 2007.

18. As a direct result and consequence of Catalyst's services on its behalf during the period of January 2, 2007 – April 4, 2007, LG received a valuable and lucrative benefit, namely ongoing sales to customers in Catalyst's former territory, which were procured as a direct result

and consequence of Catalyst's actions. Injustice can only be avoided by enforcing the representations and promises made to Catalyst by LG.

19. Based upon the sales resulting from its efforts, the value of Catalyst's services rendered during the period of January 1 through April 4, 2007, for and on behalf of LG exceeds $75,000.

WHEREFORE, Plaintiff Catalyst Sales, Inc., prays that the Court enter judgment in its favor and against defendant LG. Philips LCD America, Inc. ( now known as LG Display America, Inc.) on Count I of this Complaint, and award it such damages as are proven at trial, its costs in pursuing the present lawsuit, and such further relief as the Court deems just and appropriate.

## COUNT II

### (Unjust Enrichment)

20. Catalyst restates and incorporates by reference ¶¶ 1-11 and 13-18 above as and for ¶ 20 as though fully set forth herein.

21. LG was at all times aware that after the expiration of the 2006 contract, Catalyst was continuing to perform services on LG's behalf, including soliciting orders for Products in its assigned territory, and that Catalyst's activities were conferring a benefit upon LG.

22. Notwithstanding the benefits it has received and retained as the result of Catalyst's actions on its behalf, LG has failed and refused to pay Catalyst any compensation whatsoever.

23. LG has been unjustly enriched as a direct consequence and result of the services that Catalyst rendered on its behalf during the period of January 1 – April 4, 2007.

24. It would be inequitable and unjust for Defendant to retain the benefits conferred upon it by Catalyst without payment to Catalyst of the fair value of its services.

25. Based upon the sales resulting from its efforts, the value of Catalyst's services for and on behalf of LG exceeds $75,000.

WHEREFORE, Plaintiff Catalyst Sales, Inc., prays that the Court enter judgment in its favor and against defendant LG. Philips LCD America, Inc. ( now known as LG Display America, Inc.) on Count II of this Complaint, and award it such damages as are proven at trial, its costs in pursuing the present lawsuit, and such further relief as the Court deems just and appropriate.

                Respectfully submitted,

                CATALYST SALES, INC.

                /s/ *Paula J. Allan*
                Paula J. Allan
                Pa. I.D. No. 89224
                Eckert Seamans Cherin & Mellott, LLC
                U.S. Steel Tower, 44th Floor
                600 Grant Street
                Pittsburgh, PA  15219-2788
                412.566.1293

*Of Counsel* (pending application for appearance *pro hac vice*):

Daniel E. Beederman
Schoenberg Finkel Newman & Rosenberg, LLC
222 S. Riverside Plaza, Suite 2100
Chicago, IL  60606
312.648.2300